UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOUG CODY, </br></br>          Plaintiff, </br></br>     v. </br></br> NEUTRON SYSTEMS, USA, INC., et al. </br></br>          Defendants. | Case No.: C05-01674 PVT </br></br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; AND DENYING DEFENDANTS' MOTION TO STRIKE** |

On July 12, 2005, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendants' motion to dismiss under Rule 12(b)(6) and motion to strike under Rule 12(e).[1] At the hearing, Plaintiff made an oral motion for leave to amend his Complaint. Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is DENIED and that Plaintiff's motion for leave to amend is GRANTED. In light of Plaintiff's agreement to withdraw emotional distress and exemplary damages from his Complaint, Defendants' motion to strike is DENIED as moot.

//

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

## I. FACTUAL BACKGROUND

Defendant Neutron Systems USA, Inc. ("Neutron") hired Plaintiff Doug Cody ("Cody") as a computer programmer on January 7, 2004. (Pl.'s Compl. ¶ 2). Plaintiff worked from January 7, 2004 until March 1, 2005. (*Id.*). Plaintiff alleges that he worked in excess of eight hours per day and 40 hours per week during that period and did not receive overtime compensation for the overtime hours worked. (*Id.*). Plaintiff also claims that during the period from January 7, 2004 to March 1, 2005, Neutron failed to pay him for wages earned at regular intervals as agreed upon and as required by law. (*Id.*).

Plaintiff sued Neutron and four individual directors and officers of Neutron, asserting five causes of action in his Complaint, which include: (1) fraud, (2) violation of California Labor Code §§ 510 and 1194 for failure to pay overtime compensation, (3) violation of the federal Fair Labor Standards Act ("FLSA") for failure to pay overtime compensation, (4) violation of California Labor Code § 204 for failure to pay wages at regular intervals, and (5) violation of the FLSA for failure to pay wages at regular intervals. Plaintiff seeks damages against all individuals for all causes of action except for fraud, where he seeks damages against Neutron and two individuals, William Lee and Onkar Sangha. (*Id.* at ¶¶ 2-3). Defendants argue that the Plaintiff failed to plead facts that establish that the individual defendants could be liable as employers under the FLSA and the California labor laws. (D's Motion ¶ 5). Defendants filed a motion to dismiss without leave to amend the claims against the individual defendants and a motion to strike certain language in the Complaint concerning damages. Plaintiff did not file an opposition to the motions.[2]

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. Dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter*

---

[2] At the hearing, Plaintiff claimed to have electronically filed an opposition, but there is no record of any opposition on the Court's e-filing system. Counsel appeared to have printed confirmation of the e-filing of the document. Counsel is invited to file a copy of confirmation of the e-filing of an opposition to this motion.

*Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true. *Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). "However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Ass'n Gen. Contractors of Am. v. Metro. Water Dist. of S. Cal.*, 159 F.3d 1178, 1180 (9th Cir.1998). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A complaint or any claim therein should be dismissed without leave to amend only if the deficiencies of the complaint cannot possibly be cured by amendment. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**III. DISCUSSION**

    **A. DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6) IS DENIED**

Defendants argue that Plaintiff's claims against the four individual defendants for failing to pay regular wages and overtime wages should be dismissed because the individual defendants do not constitute employers under the FLSA or California law.

        *1. Plaintiff Has Stated a Claim Under the Federal Fair Labor Standards Act.*

Plaintiff asserts that Defendants violated the federal Fair Labor Standards Act ("FLSA") for failure to pay overtime compensation and for failure to pay wages at regular intervals. The FLSA allows an employee to sue an employer for unpaid wages or overtime compensation in violation of 29 United States Code section 207. The FLSA defines employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The FLSA is construed liberally to effectuate its broad remedial purposes. *Bonnette v. Cal. Health and Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983). Additionally, it is possible for "two or more employers to jointly employ someone for purposes of the FLSA." *Bonnette*, 704 F.2d at 1469 (*citing Falk v. Brennan*, 414 U.S. 190 (1973)). All joint employers are individually liable for compliance with the FLSA. *Id.*

The determination whether an employer-employee relationship exists under the FLSA depends on the circumstances of the entire activity. *Bonnette*, 704 F.2d at 1469. The relationship is tested by 'economic reality' rather than 'technical concepts.'" *Goldberg v. Whitaker House Coop.*, 366 U.S.

28, 33 (1961). Factors to guide the analysis include whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Bonnette*, 704 F.2d at 1470. If individuals control these crucial aspects of the work environment, they can be liable in their individual capacities under the FLSA. *Baird v. Kessler*, 172 F. Supp. 2d 1305, 1311 (E.D. Cal. 2001) (finding no individual liability because individual defendants lacked sufficient control).

Defendant Neutron argues that Plaintiff failed to plead any facts that show that the individual directors satisfied any of the factors for determining an employer-employee relationship. Thus, Neutron argues that no individual defendants met the economic reality test. However, pursuant to Federal Rule of Civil Procedure 8(a), a plaintiff only has to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, notice and clarity of claims is all that is required. *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1337 (N.D. Cal. 1991). In his Complaint, Plaintiff states that all Defendants authorized and caused Plaintiff to work overtime and without pay, and asserts the individual defendants' positions at Neutron. Taking all allegations in the Complaint as true, as the Court must do on a motion to dismiss, Plaintiff has sufficiently alleged that the individual defendants are employers under the FLSA. Thus, Defendants' motion to dismiss Plaintiff's causes of action against the individual defendants regarding violations of the FLSA is denied.

> 2. *Plaintiff Has Stated a Claim Under California Labor Code §§ 510 and 1194*

Plaintiff asserts that all Defendants violated the California Labor Code sections 510 and 1194 for failure to pay overtime compensation and California Labor Code § 204 for failure to pay wages at regular intervals. A federal court interpreting state law is bound by the decisions of the highest state court. When the state supreme court has not spoken on an issue directly presented to a federal court, the federal court must determine what result the state supreme court would reach based on state appellate court decisions, statutes, and treatises. *Vernon v. City of L.A.,* 27 F.3d 1385, 1391 (9th Cir.) *cert. denied*, 513 U.S. 1000 (1994). In this case, the California Supreme Court has not spoken

on whether individuals can be liable as employers for failure to timely pay wages and failure to pay overtime wages.

The California Labor Code section 510 requires an employer to comply with overtime compensation. Cal. Labor Code § 510. The California Industrial Welfare Commission Wage Order #4, which applies to Plaintiff's employment at Neutron, defines employer as "any person as defined in section 18 of the Labor Code, who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person."

California cases that have addressed the issue whether individuals can be liable as employers under the California Labor Code are currently on review to the California Supreme Court. *See Reynolds v. Bement*, 132 Cal. Rptr. 2d 384 (Cal. App. 2 Dist. 2003) *rev. granted*, July 23, 2003; *see also Arakelian v. Conquest*, 2003 WL 22847091 (Cal. App. 2 Dist. 2003) *rev. granted*, Mar. 3, 2004 (declining to find individual members of the board of directors qualified as employers). In *Reynolds*, the California court was unwilling to adopt the expansive FLSA definition of "employer" to hold "any person acting directly or indirectly in the interest of an employer in relation to an employee" liable for violation of wage and hour laws. *Id.* The court held that the definitions of "employer" under the FLSA and the definition under California law were different. *Id.* at 395. "The FLSA requires that the actor act in 'the interest of the employer,' a requirement not mandated in the [CA] wage order, and that could imply a much broader definition than the one set forth by the IWC wage order." *Id.* Moreover, the court was concerned that adopting the FLSA definition would "leave any management employee open to civil liability for violation of wage and hour laws." *Id.*

The *Reynolds* Court rejected the conclusion in *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1470 (C.D. Cal. 1996), that the California Supreme Court would likely adopt the FLSA broad definition of employer because it believed that the *additional* requirement under the FLSA that a person act in the interests of the employer resulted in a definition broader than that used in California. This logic is unpersuasive because it does not explain how an additional requirement leads to a broader definition. Additionally, the *Reynolds* court did not address the additional reasons in *Bureerong*: (1) the federal and state minimum wage and overtime provisions are analogous and complementary and (2) the California Supreme Court has construed the Worker's Compensation Act, a related remedial

statute, to contain a broad definition of "employer." *Id.* at 1470. Moreover, the *Reynolds* Court did not consider whether the individuals could be held liable for violations of wage and hour laws *if* they exerted sufficient control over the workplace.

Additionally, on June 18, 2002, the California Department of Industrial Relations, Division of Labor Standards Enforcement ("DLSE") issued an opinion letter opining that corporate officers, managers, and directors may be personally liable for wage and hour violations. The DLSE noted the broad definition of "employer" in California wage orders and relied upon federal cases finding individual liability pursuant to the economic realities test. DLSE Opinion Letter at pp. 5-6, *citing Bureerong*, 922 F. Supp. 1450 (C.D. Cal. 1996). Although the DLSE opinion letters are of uncertain legal force, they are nonetheless evidence of California public policy and the interpretation of an agency with specific expertise in the wage and hour context.

Accordingly, it is the judgment of this Court that the California Supreme Court would not adopt a rule prohibiting individual liability for wage and hour violations in all circumstances. Instead, it seems most likely that the California Supreme Court will formulate a test to determine under what limited circumstances individuals can be held liable for violations of wage and hour laws. Therefore, Defendants' motion to dismiss Plaintiff's causes of action against the individual defendants regarding violations of the California Labor Code is denied.

### B.    PLAINTIFF'S ORAL MOTION FOR LEAVE TO AMEND IS GRANTED

Defendants argue that Plaintiff's Complaint does not state sufficient facts for employer liability. In his Complaint, Plaintiff states each individual defendant and his position at Neutron. Under the federal notice pleading requirements, it is sufficient to survive a motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 8(a)(2). Nevertheless, at the hearing, Plaintiff moved for leave to amend his Complaint to include additional facts to show individual liability. At the hearing, Plaintiff's motion was granted.

### C.    PLAINTIFF'S WITHDRAWAL OF EMOTIONAL DISTRESS AND EXEMPLARY DAMAGES

Defendants moved to strike emotional distress, exemplary damages, and double-time pay under the FLSA from Plaintiff's Complaint. At the hearing, Plaintiff agreed to withdraw emotional distress

1  and exemplary damages from his causes of action under the FLSA and California law.  Plaintiff
2  conceded he would not assert these damages in his amended Complaint.  Furthermore, Plaintiff agreed
3  to withdraw his declaration for double-time pay under the FLSA.[3]  Thus, Defendants' motion to strike
4  is denied as moot.

**IV.   CONCLUSION**

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is DENIED; Plaintiff's oral motion for leave to amend is GRANTED; and Defendants' motion to strike is DENIED as moot.

IT IS SO ORDERED.

Dated: August 3, 2005

/s/ Patricia V. Trumbull
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] At the hearing, Plaintiff asserted he would not retract his claim for double-time pay under California law.  It is irrelevant however, because Defendants' motion to strike under Rule 12(f) did not cover double-time pay in state law.